**MUAAU P. SIANIA (F) of Nu'uuli, Plaintiff**

**v.**

**TALAUNA SOLAITA of Nu'uuli, Defendant**

## No. 102-1963

## High Court of American Samoa

Civil Jurisdiction, Trial Division

## August 20, 1963

Punefu, Counsel for plaintiff.
Talauna Solaita *pro se.*

OPINION OF THE COURT

ROEL, *Associate Justice.*

Came on to be heard the above entitled and numbered cause, wherein, based on a written motion filed in the Office of the Clerk of the High Court of American Samoa on August 5, 1963, Counsel for plaintiff in open Court moved the Court to substitute the above-named plaintiff in the place and instead of the plaintiff set out in the original petition, Soia Solaita. There being no objection by either Soia Solaita or defendant, Talauna Solaita, the Court granted the motion to substitute the name of plaintiff, Muaau P. Siania, in the place of Soia Solaita. Plaintiff's motion to strike Paragraph 4 of the petition was also granted by the Court.

This is an action by the plaintiff praying for injunction and eviction of the defendant from a certain house located in Alanoa in the Village of Nu'uuli. All three judges of the Court visited and viewed the premises concerned, in the presence of all the parties involved, on August 5, 1963, the day prior to the trial.

The evidence indicated that the original house, from which the house presently in dispute was enlarged and remodeled, was purchased on or about 1946. The evidence further shows that the original building was bought from the U.S. Marines for the amount of $25.00, and that said money was paid by two of plaintiff's brothers and defendant, defendant having contributed the amount of eight and 33/100 ($8.33) dollars at the time of the purchase in 1946.

It is further indicated by the evidence that defendant was living in the original house, as a member of the family, from 1946 until 1951, at which time defendant got married and left the house and built his own home, about 75 to 100 feet from the house in dispute, where he still makes his home with his wife and children. Since 1951 defendant has never gone back to the house in dispute to live until he attempted to go into said house on or about July 29, 1963 against plaintiff's objections.

The evidence further indicates that by 1956 the house originally bought from the Marines in 1946 was rotted and about to fall apart. At this point, plaintiff, Muaau P. Siania, a member of the family, started to make repairs to put the house back into a livable condition, and continued to make repairs and improvements on and off from 1956 to the present. Plaintiff introduced into evidence, as Exhibit No. 1, a certified copy of an Agreement entered into on October 8, 1958, registered with the Registrar of Titles in Volume IV, Register of Miscellaneous, Page 76 on November 10, 1958. Said Agreement was entered into and registered in accordance with provisions of Sub-chapter 28.02 of the Code of American Samoa (Amendment No. 2-1958). The Agreement purports to make plaintiff, Muaau P. Siania, "Building Owner" of the house now in question. The declared purpose of said Agreement is ". . . the desire of the parties hereto to establish of record that the Building Owner is the owner of a dwelling house erected on said real estate free and clear of any claim of said land owner." The Agreement further reads in part: "IT IS HEREBY STIPULATED AND AGREED that said dwelling house shall not after proper recording of this instrument, be or become a part of the real estate but shall become and remain separate and distinct therefrom and subject to the private ownership of the Building Owner, her heirs, assigns or the Bank of American Samoa if the Bank of American Samoa

should hereinafter become the owner of said Building." The evidence further showed that proper notice as required by statute was given prior to the recording by posting one copy of the notice in front of the Administration Building in Fagatogo, by posting one copy of the notice in the Village of Nu'uuli, and by posting a copy of said notice at the site of the property involved. There was no evidence or record of any objection having been filed to the registration of said Agreement.

Exhibit No. 2, introduced into evidence by plaintiff, consisted of a loan payment book of the Bank of American Samoa and a promissory note in favor of the Bank of American Samoa in the amount of one thousand and eight ($1,008.00) dollars, signed by plaintiff as maker of said note, dated June 20, 1960. Aside from the printed body of the note, there is a notation on the lower left-hand corner thereof as follows: "This Note is Secured by a Mortgage of Chattels Bearing even date." Also introduced was a chattel mortgage instrument dated June 20, 1960, recorded in Volume BAS-2, Page 853. In consideration of a loan in the amount of $1,008.00, plaintiff, Muaau P. Siania, mortgaged the following property to the Bank of American Samoa: "Building located on communal land standing in the name of the Soia Family generally known and described as Alanoa situated in or near the Village of Nu'uuli, Island of Tutuila, ownership of said building being acknowledged in an Agreement dated October 8, 1958 and signed by a majority of the male members of the Soia Family over the age of 18 years, said Agreement recorded in Register of Misc., Vol. IV, Page 76 on November 10, 1958."

From viewing the house in question and from the testimony, it appears that the repairs, enlargement and improvements done to the house by plaintiff were quite extensive. The house presently is a two-story structure of the approximate measurement of 50 feet by 30 feet. The first

floor is completely walled in by brick block and new screens. Inside, the original floor and extension thereto of the lower part is done in concrete; there are a number of 12″ by 12″ cement columns holding up the upper floor, apart from the wall; several partitions with Masonite walls have also been erected inside the lower part. The house also has a complete new iron (galvanized) roof. It was obvious from the improvements noticed that they could not have been done for less than $2,000.00.

There was also testimony to the effect that at the time defendant left the house in 1951 he took with him the electric meter which was connected to the house in question, and that defendant installed said meter in his own house where he still lives with his wife and family. The meter had an original value of $30.00.

Defendant contended that he has a right to come and live in the house in question for the reason that he helped to pay for the original house bought from the Marines in 1946, at which time he paid his share of $8.33. Defendant also argued that he was not bound by the registration of the Agreement of October 8, 1958 making the house the sole property of the plaintiff for the reason that he was not given notice of the registration of said Agreement, notwithstanding that notice of said registration was given for at least 30 days in front of the Administration Building in Fagatogo, in the Village of Nu'uuli, and at the site of the property. Defendant admits that he took the electric meter from the house in question and installed it in his own home. Defendant also admitted that he had known of the repairs and improvements being done to the house and that he saw said improvements being made all along from 1956 through 1963 up to the present time, and that at no time did he object to the improvements being done by the plaintiff or offer to contribute money for the costs of said improvements. Defendant claimed he did not contribute because he was

not asked. Defendant also testified that he left it about 1951. Finally, the defendant asked the Court that he be allowed to remove and take out of the house in question the lumber and boards he took into said house on July 29, 1963.

Punefu, Counsel for plaintiff, argued that the Court should give judgment for plaintiff and grant the injunction and eviction prayed for in the petition for the following reasons: (1) That plaintiff had proven that the house in question was duly and legally registered as the personal and separate property of plaintiff pursuant to the laws of American Samoa; (2) That plaintiff had, over the years from 1956 to the present, spent large sums of money in repairing and improving the house, and that if said improvements had not been made the original house would have crumbled from being rotten. That in comparison to the more than $1,500.00 expended by plaintiff, defendant had only contributed the amount of $8.33 back in 1946, and that by taking away the electric meter from the house in question for his own use, defendant had taken more out than he had ever put in the house; (3) For good measure, counsel for plaintiff claimed that defendant was guilty of laches by not filing any complaint or objection to any of the improvements done since the defendant left the house in question on or about 1951, and by failing to file an objection when the Agreement of October 8, 1958 was recorded.

After viewing the house in question and after considering the testimony, the evidence, and the exhibits produced at the trial, it is the unanimous opinion of the Court that the plaintiff is entitled to the Injunction and Eviction prayed for in the petition. The Court is convinced that judgment for the plaintiff is justified alone on the fact that the house in question was duly and legally, and pursuant to the statutes of American Samoa, registered as the private and separate property of the plaintiff, and that the required statutory notice was given for at least 30 days

prior to said registration. Following said registration, in the absence of timely objection thereto, defendant had no right to interfere, to trespass into the house in question, and defendant's act of forcible entry into the house on July 29, 1963 was wrongful and illegal.

■ Separate and apart from plaintiff's sole and indisputable right to the house in question by virtue of the aforementioned registration, the Court believes that plaintiff has proven an equitable title to said house in question to entitle her to the remedy prayed for in the petition. The evidence shows that while defendant invested $8.33 in 1946, plaintiff spent about $2,000.00 in improving the house. It is the Court's impression that defendant's original contribution of $8.33 was completely dissipated and disappeared by 1956 when the house in question was found to be in a worthless and rotten condition. Even if defendant's contribution could still be traced, which the Court denies, the value of the electric meter which defendant took from the house in question in 1951 for his own use was more than the $8.33 defendant contributed in 1946.

In conclusion, it is the unanimous decision of the Court, and it is hereby ORDERED, ADJUDGED AND DECREED, that the house in question is the personal and sole property of plaintiff, Muaau P. Siania, and that the Injunction and Eviction prayed for in the plaintiff's petition is hereby granted. Defendant is hereby permanently enjoined from interfering in any manner whatsoever and from trespassing into the house in question. The defendant is hereby ordered evicted from said house in question.

It is further ORDERED, ADJUDGED AND DECREED that defendant, Talauna Solaita, be, and he is hereby, permitted to take out from the house in question the same lumber and boards which he put inside said house on July 29, 1963, provided that said lumber must be taken

out not later than one week after the filing of this decision, otherwise said lumber is to remain where it is and is to become the property of the plaintiff.

Court costs in the amount of $12.50 to be paid by defendant, Talauna Solaita, within 30 days.